**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
In Re:                                               Chapter 7
                                                          Case No. 8-09-08298-DTE

    Joseph Yerushalmi,

              Debtor.
----------------------------------------------------------X
Marc A. Pergament, Chapter 7 Trustee of the
Estate of Joseph Yerushalmi,

            Plaintiff-Appellant,            **MEMORANDUM OF
                                                                        DECISION AND ORDER**
        -against-                                    10-cv-1078 (ADS)

Malka Yerushalmi, Hadar Yerushalmi and
Chenie Yerushalmi,

            Defendant-Appellees.
----------------------------------------------------------X

**APPEARANCES:**

**Weinberg, Gross & Pergament LLP**
*Attorneys for Plaintiff-Appellant*
400 Garden City Plaza
Garden City, New York 11530
       By: Marc J. Weinberg, Esq., of Counsel

**LaMonica Herbst & Maniscalco**
*Attorneys for Defendant-Appellee, Malka Yerushalmi*
3305 Jerusalem Avenue
Wantagh, New York 11793
       By:   Salvatore LaMonica, Esq.
                Shannon Scott, Esq., of Counsel

**Cullen & Dykman LLP**
*Attorneys for Defendant-Appellee, Hadar Yerushalmi*
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
       By:   Bonnie Pollack, Esq.
                Matthew G. Roseman, Esq., of Counsel

**SPATT, District Judge.**

This is an appeal from a January 7, 2010 order by United States Bankruptcy Judge Dorothy T. Eisenberg in the Chapter 7 bankruptcy proceedings of debtor Joseph Yerushalmi. Judge Eisenberg's order granted summary judgment against Marc A. Pergament, the trustee of Yerushalmi's bankruptcy estate denying the trustee's attempt to recover certain assets from Yerushalmi's family members. The trustee now appeals from Judge Eisenberg's ruling. For the reasons set forth below, the Court denies the trustee's appeal and affirms Judge Eisenberg's decision in all respects.

## I. BACKGROUND

On July 25, 2007, debtor and attorney Joseph Yerushalmi filed a voluntary petition for bankruptcy under Chapter 11 of the United States Bankruptcy Code. The petition was assigned to United States Bankruptcy Judge Dorothy T. Eisenberg. On October 2, 2007, Judge Eisenberg oversaw the conversion of Yerushalmi's petition to a Chapter 7 petition, and then appointed Marc A. Pergament as trustee for Yerushalmi's estate. As trustee, Pergament was responsible for protecting the interests of Yerushalmi's creditors by marshalling and conserving the assets of Yerushalmi's estate.

Among the creditors whose interests trustee Pergament represented were Yerushalmi's former law firm, Yerushalmi, Shiboleth, Yisraeli & Roberts LLP ("YSYR"), and Yerushalmi's sole partner in that firm—in spite of the multiplicity of names in the firm's title—Amnon Shiboleth. In March of 1995, Yerushalmi and Shiboleth parted ways in the law practice, but the breakup of YSYR caused disputes

over fees owed to the firm.  These disputes remained unresolved three years later when, on April 10, 1998, Shiboleth sued Yerushalmi and his new law firm, Yerushalmi & Associates, L.L.P. ("Y&A") in New York Supreme Court, New York County.  Shiboleth asserted claims on his own and on YSYR's behalf, seeking primarily to recover legal fees that Yerushalmi had convinced clients to pay directly to him, rather than to YSYR.  The state court case moved slowly, but Shiboleth eventually received a substantial judgment.  On March 7, 2007, just over four months before Yerushalmi entered bankruptcy, the state court entered a judgment in Shiboleth's favor for almost five million dollars.

Within days of the entry of judgment, Shiboleth received the sum of $1,220,112.73 from an escrow account that was established in 1998 to hold a portion of the disputed funds.  The judgment also required Yerushalmi and Y&A to pay an additional $3,540,045.91—but rather than satisfy the judgment, Yerushalmi promptly took an appeal to the Appellate Division, First Department.  Nearly two years later, on January 6, 2009, the Appellate Division reversed the Supreme Court in part, and remanded the case for recalculation of the money owed to the plaintiff.  Shiboleth v. Yerushalmi, 58 A.D.3d 407, 408, 873 N.Y.S.2d 2 (1st Dep't 2009).  Although the Appellate Division agreed that Yerushalmi had taken fees that were owed to YSYR, the court found that Yerushalmi was likely himself entitled to a greater portion of those fees than was accounted for in the judgment.  Id.  The court therefore remanded for further proceedings to determine the proper amount of the judgment against Yerushalmi.  Id.

On July 24, 2009, approximately six months after the Appellate Division remanded Shiboleth's case against Yerushalmi—but before the Supreme Court recalculated the amount of the judgment in that case—trustee Pergament filed the present adversarial action in the bankruptcy court to marshal assets into Yerushalmi's estate. In particular, Pergament was interested in avoiding two "gifts" of real property that Yerushalmi made to family members in 2000 and 2001. Pergament believed that these "gifts" could be annulled under state law, based on the fact that Shiboleth's suit against Yerushalmi was pending when the transfers were made. Pergament also sought to recover post-petition rents earned on those properties. Due to proceedings in the bankruptcy court, Pergament discusses only one of those two "gifts" in the present appeal. On November 21, 2000, Yerushalmi purchased, in the name of his wife, Hadar Yerushalmi, and daughter, Malka Yerushalmi, a condominium located at 19–21 Warren Street, New York, New York (the "Warren Street Condominium") for approximately $795,000, which Hadar and Malka then rented to third parties.

The Bankruptcy Code provides multiple means by which a trustee may avoid transfers of property that a debtor made before filing bankruptcy. However, because the transfer that Pergament sought to avoid happened seven years before Yerushalmi filed for bankruptcy, the sole avenue available to Pergament to avoid this transfer was in 11 U.S.C. § 544(b)(1), which permits a trustee to assert state law claims on behalf of creditors. Using Section 544(b)(1), the trustee stepped into the shoes of creditors Shiboleth and YSYR, and then looked to annul the transfer of the Warren Street

Condominium under New York State Debtor and Creditor Law ("NYDCL") § 273-a, which reads as follows:

> Every conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment.

In essence, Section 273-a provides that, if a defendant in an action for money damages fails to pay a final judgment, then the plaintiff in that action may avoid any conveyance that the defendant made during the suit, provided that the defendant was not paid full value for the property conveyed. This is true regardless of whether or not the defendant made the transfer intending to hide his assets from the plaintiff. The six-year statute of limitations on Section 273-a does not begin to run until a final judgment is entered, so as long as a transfer was made during the pendency of the case against the defendant, it does not matter how long before the final judgment the conveyance occurred. See Grace v. Rosenstock, 228 F.3d 40, 54 (2d Cir. 2000). Here, Shiboleth sued Yerushalmi in 1998. Yerushalmi purchased the Warren Street Condominium for Hadar and Malka in 2000, and the earliest any final judgment could be said to have been entered against Yerushalmi was 2007. Thus, even though the relevant transfer happened a decade ago, the statute of limitations applicable to Section 273-a presents no time bar to avoiding the transfer of the Warren Street Condominium.

Using this avenue of relying on 11 U.S.C. § 544(b)(1) to assert a NYDCL § 273-a claim, on July 24, 2009 trustee Pergament commenced an adversarial

proceeding against Hadar and Malka to avoid the transfer of the Warren Street Condominium, and to bring the value of the condominium and related post-petition rents into Yerushalmi's estate. Pergament also sued Yerushalmi's son Chenie Yerushalmi at that time, but due to the proceedings in the bankruptcy court, that portion of the suit is not relevant to this appeal.

On November 9 and 20, 2009, Hadar and Malka respectively moved for summary judgment on Pergament's claims against them. Hadar and Malka asserted that Section 273-a could not be used to avoid the transfer of the Warren Street Condominium because (1) Shiboleth's action against Yerushalmi was not an "action for money damages" as required by Section 273-a, and (2) Yerushalmi had not failed to satisfy a "final judgment", as required by Section 273-a. Pergament opposed the motion for summary judgment, but also requested in the alternative that Judge Eisenberg stay the adversarial proceeding against Hadar and Malka until the state court judgment became final.

On December 17, 2009, Judge Eisenberg held a hearing on the motions for summary judgment. After considering the parties' arguments, Judge Eisenberg orally granted both motions for summary judgment, on the grounds that the state court judgment was not final and therefore did not satisfy the requirements of Section 273-a. On January 7, 2010, Judge Eisenberg issued an additional written order to the same effect. Although Judge Eisenberg did not directly address Pergament's application to stay the adversarial proceeding, she implicitly denied the request by dismissing Pergament's claims against Hadar and Malka.

On March 10, 2010, trustee Pergament commenced the present appeal of Judge Eisenberg's January 7, 2010 order. Hadar and Malka oppose the trustee's appeal.

## II. DISCUSSION

### A. Standard of Review

The Court reviews a final order from a bankruptcy court on a motion for summary judgment *de novo*. See SCR Joint Venture L.P. v. Warshawsky, 559 F.3d 133, 137 (2d Cir. 2009) ("'We review a district court's grant of summary judgment de novo, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor.' Allianz Ins. Co. v. Lerner, 416 F.3d 109, 113 (2d Cir. 2005)"); In re Manhattan Inv. Fund Ltd., 397 B.R. 1, 7 (S.D.N.Y. 2007) ("We review the Bankruptcy Court's order of summary judgment de novo."). A bankruptcy judge's determination not to stay a case pursuant to the bankruptcy court's equitable powers is reviewed for abuse of discretion. See Schwartz v. Aquatic Dev. Group, Inc. (In re Aquatic Dev. Group, Inc.), 352 F.3d 671, 673 (2d Cir. 2003).

### B. As to Judge Eisenberg's Grant of Summary Judgment

Trustee Pergament seeks to reverse Judge Eisenberg's grant of summary judgment dismissing his Section 273-a causes of action against Hadar and Malka. As a preliminary matter, the parties do not dispute that Pergament may step into Shiboleth's shoes to assert state law claims against Hadar and Malka, and they also do not dispute that the applicable state law statute of limitations does not bar Pergament's Section 273-a action. The determinative issue here is therefore whether

there are triable issues of fact as to whether Pergament has satisfied the requirements Section 273-a.

A successful Section 273-a claim requires a showing that the defendant (1) transferred property to a third party for less than fair consideration while the defendant was being sued, (2) that the suit against the defendant was one "for money damages", and (3) that the defendant then failed to satisfy a "final judgment" against him. Section 273-a; Grace v. Bank Leumi Trust Co. of NY, 443 F.3d 180, 188 (2d Cir. 2006). Hadar and Malka do not contest that there are at least triable issues of fact as to the first of these three prongs, which requires a showing that Yerushalmi transferred property to them without fair consideration during the pendency of Shiboleth's lawsuit. As for the second and third prongs, the parties do not disagree about any of the underlying facts, but rather only dispute the legal conclusions properly drawn from those facts. Thus, to resolve these disputes, the Court must consider, based on the agreed facts, (1) whether Shiboleth's action was one for "money damages", and (2) whether the presently-unpaid judgment against Yerushalmi is "final". If the answer to both of these questions is yes, then Pergament may continue his adversarial proceeding. If either answer is no, however, then summary judgment was proper.

The issue of whether Shiboleth's action was "for money damages" raises challenging questions of whether to consider form over substance. The primary cause of action that Shiboleth asserted against Yerushalmi in New York Supreme Court was not in contract or tort, but was rather a claim for an accounting—which is traditionally considered an equitable cause of action. See, e.g., LoGerfo v. Trustees

of Columbia University in City of New York, 35 A.D.3d 395, 397–98, 827 N.Y.S.2d 166 (2d Dep't 2006) (treating an action for an accounting as an equitable remedy); Ayromlooi v. Staten Island University Hosp., 7 A.D.3d 475, 475–76, 776 N.Y.S.2d 305 (2d Dep't 2004) (same). Nevertheless, from the commencement of his action, Shiboleth sought payment of money from Yerushalmi, and the judgment entered against Yerushalmi in March 2007 required Yerushalmi to make cash payments to Shiboleth and YSYR. However, the Court need not resolve this interesting issue. As discussed below, the Court finds, as did Judge Eisenberg, that the judgment against Yerushalmi is not final, and that Pergament's action may not proceed for that reason alone.

With respect to the finality of judgments in general, the New York Court of Appeals has held that a "fair working definition" of finality is that "a 'final' order or judgment is one that disposes of all of the causes of action between the parties in the action or proceeding and leaves nothing for further judicial action apart from mere ministerial matters." Burke v. Crosson, 85 N.Y.2d 10, 15, 647 N.E.2d 736, 623 N.Y.S.2d 524 (1995). Similarly, the Second Circuit has held that "[d]eterminations of liability that leave unresolved questions of remedy ordinarily are not final," and that "ministerial matters" are generally akin to a "simple arithmetic calculation or . . . some other mechanical task." Transaero, Inc. v. La Fuerza Aerea Boliviana, 99 F.3d 538, 541 (2d Cir. 1996) (internal quotations and citations omitted); see also Soares v. Brockton Credit Union, 107 F.3d 969, 974 (1st Cir. 1997) ("when an official's duty is delineated by, say, a law or a judicial decree with such crystalline

clarity that nothing is left to the exercise of the official's discretion or judgment, the resultant act is ministerial.")

Here, the judgment entered against Yerushalmi on March 7, 2007 would have ordinarily satisfied the requirements of a final judgment, because it settled all of the claims in that case. However, Yerushalmi's appeal and the Appellate Division's reversal and remand of the order vacated the finality of the judgment. To be sure, the Appellate Division left the Supreme Court's original finding of liability intact. This is not, however, a definitive measure of finality. Transaero, Inc., 99 F.3d at 541 ("[d]eterminations of liability that leave unresolved questions of remedy ordinarily are not final"). The Appellate Division remanded the case to the Supreme Court to reevaluate the judgment against Yerushalmi, based in part on whether Yerushalmi should retain greater portions of the funds that he was directed to pay to Shiboleth and YSYR. This remand requires not "mere ministerial" tasks, but involves the essence of the legal system's fact finding and analytical powers. The judgment against Yerushalmi is therefore not final.

The Court also finds that it is not relevant that the March 7, 2007 judgment was arguably final for some period of time before it was appealed and remanded. The Appellate Division, Second Department's decision in Cohan v. Misthopoulos, 118 A.D.2d 530, 531, 499 N.Y.S.2d 157 (2d Dep't 1986), is instructive in this respect. In that case, the plaintiff won a judgment against the defendant, and then proceeded to assert a Section 273-a claim to avoid certain conveyances that the defendant had made during the pending action. Id. However, before the Section 273-a action was complete, the Appellate Division overturned the original judgment, and granted a new

trial to the defendant. Id. The defendant then moved to dismiss the plaintiff's pending Section 273-a cause of action, and the Second Department granted the motion, essentially holding that a final judgment was a jurisdictional prerequisite to proceeding on a Section 273-a claim. Id. The court stated that until a judgment against the defendant was re-entered, the plaintiff could not proceed on his Section 273-a claim. Id.

The Court agrees with the Cohan court's interpretation of Section 273-a. Section 273-a only functions to avoid transactions during the pendency of a law suit to the extent that the defendant is presently in default on a final judgment. Until a final judgment is rendered against Yerushalmi and he fails to pay it, it would be contrary to the plain language of Section 273-a—and manifestly unjust—to take property from third parties who received that property from Yerushalmi in an otherwise legal manner.

The Court having determined that the trustee cannot proceed on his action to avoid the transfer of the Warren Street Condominium, it follows—and the parties agree that it follows—that the trustee also cannot recover rent derived from the Warren Street Condominium. The Court therefore affirms Judge Eisenberg's order of January 7, 2010 granting summary judgment to Malka and Hadar Yerushalmi and dismissing all of the trustee's claims against them. However, the Court notes that the grant of summary judgment is without prejudice to Shiboleth's right to bring a Section 273-a action on his own behalf—in compliance, of course, with any relevant bankruptcy stay—if Yerushalmi fails to satisfy whatever final judgment is ultimately entered against him.

**C. As to Judge Eisenberg's Denial of a Stay**

In his bankruptcy court brief in opposition to Hadar's and Malka's motions for summary judgment, Pergament asserted that, if Judge Eisenberg found that the judgment against Yerushalmi was not final, then Judge Eisenberg should stay the action against Hadar and Malka pending the completion of the state court proceedings. Although Judge Eisenberg never explicitly addressed this issue, she implicitly denied the request by dismissing all of the trustee's claims against Hadar and Malka. Pergament now petitions this Court to overturn Judge Eisenberg's denial of a stay.

Pergament's request for a stay results from what he views as an inequity caused by the time limit on a trustee's ability to assert derivative state law claims. As discussed above, the statute of limitations on a NYDCL § 273-a claim does not begin to run until the entry of a final judgment, and that statute of limitations is therefore not an issue here. However, the section of the Bankruptcy Code that permits a trustee to assert state law claims on behalf of creditors, 11 U.S.C. § 544(b)(1), is itself subject to a statute of limitations provided by 11 U.S.C. § 546(a). This section requires, among other things, that the trustee commence any derivative state court action within either: (a) two years of the filing of the bankruptcy petition, or (b) one year of the appointment of the trustee. Because the petition in this matter was filed on July 25, 2007 and the trustee was appointed on October 2, 2007, the last date on which trustee Pergament could commence a derivative state law action was July 24, 2009—the day that Pergament commenced the adversarial proceeding against Hadar and Malka.

Therefore, asserts the trustee, if his state law claims against Hadar and Malka are now dismissed, the Bankruptcy Code's statute of limitations will bar him from re-asserting those claims later, once the judgment against Yerushalmi is finalized. This, he says, will unfairly penalize Yerushalmi's creditors. Pergament contends that, faced with this unfair result, Judge Eisenberg should have exercised her power under 11 U.S.C. § 105(a) to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," and stayed his action indefinitely. This would have allowed the action to be timely when the judgment against Yerushalmi is later finalized.

As noted above, a bankruptcy court's exercise of its equitable authority is reviewed for abuse of discretion. See Schwartz v. Aquatic Dev. Group, Inc. (In re Aquatic Dev. Group, Inc.), 352 F.3d 671, 673 (2d Cir. 2003). A decision demonstrating an abuse of discretion is "(i) a decision resting on an error of law (such as application of the wrong legal principal) or a clearly erroneous factual finding, or (ii) a decision that, though not necessarily the product of a legal error or a clearly erroneous factual finding, cannot be located within the range of permissible decisions." Id. at 678 (internal quotations, citations, and alterations omitted).

Having reviewed the record, the Court finds that Judge Eisenberg did not abuse her discretion in denying a stay to the trustee. The trustee has provided no authority indicating that Judge Eisenberg was obligated to stay his action, and at any rate, Judge Eisenberg would have been staying an action that was, at least at the time of the trustee's request, legally deficient. To the extent that Pergament's request for a stay was essentially a request to toll the statute of limitations on his Section

554(b)(1)/Section 273-a claim, the Court finds that there are no extraordinary circumstances or acts of deceit here that would require such a tolling.  Cf. Collier on Bankruptcy § 546.02 (noting that statutes of limitations can be equitably tolled when a trustee has been prevented from bringing an action because of fraud or misrepresentation by a party, or when "extraordinary circumstances beyond [the trustee's] control [make] it impossible to file claims on time", and quoting Jobin v. Boryla, 75 F.3d 586, 591 (10th Cir. 1996) and Amazing Enters. v. Jobin, 153 B.R. 308, 311 (D. Colo. 1993)).  The Court therefore affirms Judge Eisenberg's denial of a stay of the trustee's adversary proceeding against Malka and Hadar.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the order of Judge Eisenberg of January 7, 2010 granting summary judgment to appellees Hadar Yerushalmi and Malka Yerushalmi dismissing all of the trustee's claims against them, and denying appellant trustee Pergament a stay of the action against Hadar and Malka, is affirmed in all respects; and it is further

**ORDERED** that the Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
November 20, 2010

                                                __/s/ Arthur D. Spatt_____
                                                  ARTHUR D. SPATT
                                            United States District Judge